Connie CUNICO, Plaintiff,

v.

**PUEBLO SCHOOL DISTRICT NO. 60, et al., Defendants.**

Civ. A. No. 82–M–2188.

United States District Court, D. Colorado.

Oct. 26, 1988.

Joseph J. Lenihan, Pueblo, Colo., for plaintiff.

David Crockenberg, Petersen & Fonda, P.C., Pueblo, Colo., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER ON DAMAGES AND FEES

MATSCH, District Judge.

The plaintiff is the prevailing party in this case on her claims for relief pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000e–5 as determined in this court's memorandum opinion and order of August 19, 1988, 693 F.Supp. 954. The determination of the amount of the recovery of damages and attorney's fees was reserved and a hearing on those matters was held on October 19, 1988. It has been stipulated that the plaintiff lost earnings in the amount of $62,279.72 and that an additional $7,784.97 should be paid into the P.E.R.A. to be credited to her retirement account. She is also entitled to be credited with 30 days and 2 hours of leave which would have been earned during the time that she was not employed by the defendant. Finally, the plaintiff is entitled to $3,572.14 as a contribution to medical insurance coverage which she did not have during the time of her unemployment with the defendant and which amount is determined to be less than what the plaintiff would have had to pay for substantially similar coverage under other medical insurance. Interest on the amount to be recovered by the plaintiff should be paid at the rate of 8% per annum, compounded annually, under C.R.S. § 5–12–101. Accordingly, the plaintiff's monetary recovery of compensatory damages should be $65,851.86 plus 8% interest from the date of February 12, 1982, the date of the Board vote.

Plaintiff's counsel has submitted a summary of his time for services performed in connection with this lawsuit, in evidence as defendant's Exhibit A. That summary includes services of a paralegal/secretary but the claim for reimbursement for those services was withdrawn at the hearing.

Determination of a fee award under 42 U.S.C. § 1988 involves the exercise of considerable discretion. Objective analysis is difficult. In *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) the Court instructed that these fee awards should be calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate measured by prevailing market rates in the relevant community. The determination of the time reasonably spent by counsel for the plaintiff depends upon the time records kept by counsel and in *Ramos v. Lamm,* 713 F.2d 546, 553 (10th Cir.1983), the court cautioned counsel on the importance of meticulous, contemporaneous time records. Plaintiff's counsel, Joseph James Lenihan, testified that, as a sole practitioner, he was not always able to record his time contemporaneously with the services performed. Additionally, the descriptions of those services in the original time records and in the summary which is Exhibit A can best be characterized as cryptic. Illustratively, the following charges are noted:

| Aug 12 82 | Supplemental change | 60 | minutes |
| Sep 7 82 | Newspaper | 20 | " |
| Sep 30 82 | Ck CR Conv | 30 | " |
| Oct 12 82 | Library research of decision 10/8 | 180 | " |
| Oct 19 82 | Conv. Henry Geisel | 60 | " |
| Nov 8 82 | Research | 150 | " |
| Nov 15 82 | Library research for hearing | 120 | " |
| Dec 17 82 | Ck rules-filing; call client; copies | 120 | " |
| May 29 84 | Research re rev. CO U. School of Law Brief; new | 150 | " |

This type of identification is inadequate for a proper review of the reasonableness of the time for the services described. Additionally, the time reported includes familiarization with basic principles of civil rights law and procedure. Notably, 360 minutes have been charged for attendance at a seminar at the University of Colorado on July 22, 1984, and 240 minutes are reported for observing a trial on December 11, 1984. In *Ramos,* the court observed:

> In examining the reasonableness of the hours reported, the district court should also examine hours allotted to specific tasks. First, the court should determine whether the tasks sought to be charged to the adverse party would normally be billed to a paying client. Lawyers charging fees to adversaries rather than

clients may be less likely to carefully scrutinize the hours spent to determine if payment for the task performed is justified. Thus, it would not be surprising that reported hours would include time spent reading background cases, civil rights reporters, and other materials designed to familiarize the attorney with this area of the law—time that would be absorbed in a private firm's general overhead and for which the firm would not bill a client.

Id. at 554.

The reasonableness of the time spent in compensable services must, of course, be measured by the complexity of the case, the strategies pursued and the resistance encountered. Regrettably, this lawsuit has been in this court for almost six years. Some of the delay resulted from reassignment when Judge Moore was elevated to the Tenth Circuit Court of Appeals. Primarily, the problem with the case was the flawed perception of both counsel and the court that the critical questions were issues of law which could best be addressed on motions for summary judgment under F.R. Civ.P. 56. That misperception was largely attributable to the uncertainty about the Supreme Court's view of reverse discrimination and affirmative action shown in *United Steelworkers v. Weber*, 443 U.S. 193, 99 S.Ct. 2721, 61 L.Ed.2d 480 (1979) and subsequent circuit court opinions. Indeed, this court ultimately found that *Wygant v. Jackson Board of Education*, 476 U.S. 267, 106 S.Ct. 1842, 90 L.Ed.2d 260 (1986); *reh'g denied* 478 U.S. 1014, 106 S.Ct. 3320, 92 L.Ed.2d 728 and *Johnson v. Transportation Agency, Santa Clara County, California*, 480 U.S. 616, 107 S.Ct. 1442, 94 L.Ed.2d 615 (1987) were most instructive in considering the plaintiff's claims. Those opinions, of course, came down long after this case was at issue. In retrospect, this lawsuit should have been brought to trial much sooner and with a lot less lawyering on both sides. Nonetheless, the proper presentation of the plaintiff's claims did require a very substantial amount of time and there can be no doubt that the defendants' counsel presented strong opposition throughout this case, including resistance to discovery.

John Keilbech testified, as an expert witness, that in his opinion 489 hours should be deducted from Mr. Lenihan's summary as time not reasonably required for the services necessary in the presentation of Ms. Cunico's claims. In addition to the non-billable time reported and the difficulty in determining what was accomplished because of the brief descriptions for most of the entries, the time spent on many tasks is excessive. There are 40 hours shown for drafting a pre-trial order between July 11 and July 30, 1984; 46 hours are reported for drafting a reply to a motion for summary judgment in November, 1984; more than 50 hours are listed for preparing to argue a summary judgment motion in July and August, 1986, and 32 hours are shown for another summary judgment brief in November and December, 1987. Finally, 43 hours are submitted for drafting the petition and brief for attorney's fees. Without detailing each item, it is this court's finding that 300.9 hours should be deducted from the 1,013.9 hours reported because that amount of time is a reasonable reduction for the non-billable services, unidentified services and excessive time for the services reported. Accordingly, 713 hours is the reasonable time for Mr. Lenihan in the calculation to be made by this court.

The claim for attorney's fees includes 33.8 hours for S. Shafer, who assisted Mr. Lenihan at the trial of this case. His summary shows a total of 1140 minutes (19 hours) for trial and the remainder of the time is shown as reviewing documents, conferring with Mr. Lenihan, some research and trial preparation. The court observed Mr. Shafer's assistance in the 13½ actual courtroom hours required for the trial of this case. He assisted in bringing witnesses to the court on time and conferring with Mr. Lenihan on trial strategy. In view of the short amount of advance notice for the trial setting, the use of Mr. Shafer as an assistant trial counsel was justified but in the absence of additional evidence concerning his contribution, it is this court's conclusion that the reasonable amount of time for commpensation should be 20 hours.

The other factor in determining an appropriate fee award is a reasonable hourly rate. At the hearing on fees, James Carleo, a lawyer in Colorado Springs who formerly practiced in Pueblo, Colorado, testified that a fee from $125 per hour to $175 per hour was appropriate in civil rights cases. He also opined, from a review of the files, that Mr. Lenihan did outstanding work in this case and should be compensated at the level of a specialist in civil rights law which would be $150. Additionally, Mr. Carleo had the perception that it was becoming increasingly difficult to find lawyers to pursue claims in the civil rights area. Mr. Keilbech, the defendant's expert, testified that the customary fee for a general practitioner in Pueblo, Colorado was $85 to $95 per hour. Mr. Lenihan did not have a written fee agreement with the plaintiff but they had agreed $85 per hour would be used as the hourly rate.

The most outstanding feature of Mr. Lenihan's work in this case is his persistence in pursuing Ms. Cunico's claims. She testified to her efforts to obtain other lawyers before finding Mr. Lenihan. One of the factors in determining a reasonable rate for lawyers' services is the undesirability of the case. In *Ramos v. Lamm,* the court cautioned that a bonus for the "social stigma" assumed by a lawyer participating in civil rights litigation should rarely be given. *Ramos,* 713 F.2d at 558. While this type of litigation is not uncommon, the dogged pursuit of a claim against a school district with the recovery payable from funds provided by the taxpayers is not likely to enhance the public reputation of a lawyer in a community the size of Pueblo, Colorado. That perception is supported by Ms. Cunico's testimony concerning the difficulty in obtaining a lawyer. Additionally, the time pressure involved in meeting the calendar commitments in this case have a greater impact on a sole practitioner than would be the case with a lawyer practicing in association with other counsel. Given these additional considerations, it is this court's view that a reasonable hourly rate for a general practitioner undertaking this particular litigation is $100 per hour when the rate is applied only to the time determined to be reasonably expended for compensable services. That hourly rate will also be applied to the hours for Mr. Shafer, recognizing that the trial efficiency in this case was enhanced by his assistance of Mr. Lenihan and that this court imposed an additional burden on counsel by setting this case for trial on very short notice.

■ Plaintiff's counsel has urged that there should be an enhancement of the fee based on the success which was achieved. The Supreme Court was skeptical about enhancement in *Blum v. Stenson, supra,* and in *Pennsylvania v. Delaware Valley Citizens Council for Clean Air,* 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987), the court reversed a fee award in which enhancement was granted because of the risk of loss. In *City of Riverside v. Rivera,* 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed. 2d 466 (1986) the court rejected the view that an award of attorney's fees in civil rights litigation should be limited according to the amount of the plaintiffs' recovery. Taken together, these cases compel the conclusion that under 42 U.S.C. § 1988 the fee award should be determined as if there had been a fee contract calling for a reasonable hourly rate chargeable to a client who can be expected to pay the fee, without regard for the contingent success or failure of the lawsuit.

The plaintiff seeks a recovery of costs of $6,668.45. That includes items for postage and copying which are a part of the overhead included within the reasonable hourly rate for services. The recovery of costs in this matter is limited to those items taxable under 28 U.S.C. § 1920. Deposition fees are included because depositions were reasonably necessary for use in the case. $2,697.50 is claimed for witness fees, without identification. Expert witness fees are not recoverable and certainly that amount exceeds the payment required to be made to witnesses under 28 U.S.C. § 1921. The costs to be allowed then are $2,794.90.

Upon the foregoing, it is

ORDERED that judgment will enter for the plaintiff, Connie Cunico, and against the defendant, Pueblo School District No.

**1470**

60, for $110,361.03 plus attorneys' fees in the amount of $73,300.00 and costs in the amount of $2,794.90, for a total of $186,455.93, and it is

FURTHER ORDERED that the defendant will contribute $7,784.97 to the P.E. R.A., to be credited to the plaintiff's retirement account.